

**FILED**

**NOT FOR PUBLICATION**

NOV 20 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:  OPTICAL DISK DRIVE
PRODUCTS ANTITRUST LITIGATION,

_____

INDIRECT PURCHASER CLASS,

              Plaintiff-Appellant,

   v.

SAMSUNG ELECTRONICS
COMPANY, LTD.; et al.,

              Defendants-Appellees.

No.   18-15058

D.C. No. 3:10-md-02143-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted October 21, 2019
Portland, Oregon

Before:  FARRIS, BEA, and CHRISTEN, Circuit Judges.

   Plaintiff Indirect Purchaser Class ("IPC") appeals the district court's order

granting summary judgment in favor of defendants in this class action alleging

_____

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

violations of the Sherman Act, California's Cartwright Act, and California's Unfair Competition Law. IPC contends that the class members, indirect purchasers of optical disk drives ("ODDs"), were injured by an unlawful conspiracy to slow the declining prices of ODDs.[1] The district court granted summary judgment on the issues of causation, injury, and damages based on IPC's failure to create a genuine dispute of material fact as to whether the overcharge was passed on to the class members (the "pass-through" issue). We have jurisdiction pursuant to 28 U.S.C. § 1291 and review a grant of summary judgment *de novo*. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). We affirm.

To survive summary judgment, IPC must create a genuine dispute as to whether it suffered "antitrust injury . . . that flows from that which makes defendants' acts unlawful." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977). For IPC, this requires a showing that a supracompetitive "overcharge was passed on . . . at all levels of the distribution chain," ultimately injuring the members of the class. *In re Methionine Antitrust Litig.*, 204 F.R.D. 161, 164 (N.D. Cal. 2001); *see also* Phillip E. Areeda & Herbert Hovenkamp,

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to resolve this appeal.

2

*Antitrust Law: An Analysis of Antitrust Principles and Their Application* ¶ 396 (4th ed. 2013–18).

IPC argues that the opinion of its economics expert, as well as certain documentary evidence, suffices to create a genuine dispute of material fact on pass-through. The expert's opinion is that nearly all of the defendants' alleged overcharges were passed on to the class members in the form of either (i) higher price, or (ii) reduced computer quality.

In support of his opinion, IPC's expert principally relies on certain regression analyses. The district court correctly found that these regression analyses, viewed in combination with the other record evidence, do not support the inference that pass-through actually occurred. In short, the analyses set forth the manner in which pass-through *could* have occurred, but they do not create a genuine dispute that pass-through actually occurred in the manner described—i.e., that as a result of an overcharge on an ODD, market participants either charged higher prices than they otherwise would have, or used lower quality components that they otherwise would have. Thus, the district court properly concluded the expert's opinion was not supported by the facts in the record. *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) ("When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or

when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict."); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 923–24 (9th Cir. 2015).

IPC also identifies a variety of documentary evidence. Viewed in the light most favorable to IPC, this evidence establishes that the ODD market was competitive. However, whether viewed in isolation or in combination with the other record evidence, it does not suffice to create a genuine dispute that pass-through actually occurred. In order for a reasonable jury to decide in favor of IPC, it would have to engage in speculation.

In light of the foregoing, the district court's order granting summary judgment must be affirmed. We need not address the additional arguments concerning damages raised by IPC, nor the alternative arguments raised by defendants in their answering brief.

**AFFIRMED.**